UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-48-KKC

SOLOMON RICHARDSON                                                     PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

KENTUCKY DEPARTMENT
  OF PUBLIC ADVOCACY , ET AL.                              DEFENDANTS

Solomon Richardson, who is confined in the Mason County Detention Center ("MCDC") which is located in Maysville, Kentucky, has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. §1983 [Record No. 1]. His motion to proceed as a pauper has been granted by separate Order [Record No. 5].

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2) a district court can dismiss a case at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. For the reasons to be discussed below, the instant complaint will be dismissed.

## NAMED DEFENDANTS

The named defendants are: (1) The Kentucky Department of Public Advocacy ("KDPA"); (B) Ernie Lewis, Public Advocate employed by the KDPA; (2) Damon Preston, Assistant Public Advocate employed by the KDPA; and (3) Julia K. Pearson, Assistant Public Advocate employed by the KDPA.

## CLAIMS AND RELIEF REQUESTED

Plaintiff claims that the defendants violated his right to due process of law, guaranteed by the Fourteenth Amendment of the United States Constitution. He states that the defendants represented him in the appeal of a state court criminal matter, the subject matter of which he describes as "the revocation of his probation" [Complaint, Record No. 1-1].

He claims that during the course of the defendants' representation of him during the appeal process, they failed or refused to raise various factual and legal arguments he considered critical to his appeal. He alleges that he has been damaged by the defendants' alleged error and omissions. The plaintiff seeks the award of compensatory and punitive damages [*Id.*, pp. 17-18].

## ALLEGATIONS OF THE COMPLAINT

In his handwritten, eighteen-page complaint, the plaintiff outlined the numerous errors which he alleges that the defendants committed while handling his criminal appeal. The errors alleged included but were not limited to: (1) failure to raise absence of subject matter jurisdiction and (2) failure to disclose exculpatory evidence.[1] The plaintiff alleged that the

---

[1] It appears that in the complaint, the plaintiff challenged not only issues relating to his criminal appeal, but also evidentiary rulings made by the state court judge who presided over his criminal proceeding in the Campbell Circuit Court.

defendants committed "official misconduct by malfeasance" in representing him [*See* Complaint, Record No. 1-1, p.3]. It is unnecessary for this Court to enumerate in this Opinion and Order all of the alleged errors.

The plaintiff refers to his appeal in the Kentucky Court of Appeals as being Case No. 2006-CR-001568. That is the correct case number of his appeal, styled as *Solomon Richardson v. Commonwealth of Kentucky*, Case No. 2006-CA-001568 ("the State Court Appeal"). By use of the Kentucky Court of Appeals' website,[2] this Court was able to obtain current information about the current status of the State Court Appeal .

On July 12, 2006, the plaintiff filed the State Court Appeal in the Kentucky Court of Appeals. He appealed a criminal conviction rendered against him in the Campbell Circuit Court [Criminal Case No, 04-CT-00490, Hon Julie Ward, presiding].[3] The docket sheet from the State Court Appeal reveals that the appeal is still pending in the Kentucky Court of Appeals. The case was submitted to the Court of Appeals Judges Thompson, Wine and Henry on June 1, 2007. Docket Entry, No. 49, dated June 27, 2007, contains the following notation: "Non Oral Notice."[4] No disposition has been made of the State Court Appeal.

## DISCUSSION

---

[2] *See* http://apps.kycourts.net/coa_public.

[3] Plaintiff explains that on July 7, 2007 he was convicted in the Campbell Circuit Court of violating the terms of a paroled sentence [See Complaint, Record No. 1-1, p.8-9].

[4] Presumably, this notation indicates that there will be no oral arguments in the State Court Appeal.

1. § 1983 Claims are Premature

Given the pendency of the State Court Appeal, the plaintiff may not recover damages from the defendants by way of his current § 1983 complaint. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, (1971), bars the plaintiff's claims.

When state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997, 2003 WL 22220534, **1 (6th Cir.(Ky.)).

Here, all of the criteria which mandate abstention have been satisfied  First, there is an ongoing state court proceeding, being Kentucky Court of Appeals Case No. 2006-CA-001568. Second, the plaintiff has an opportunity to address alleged errors in his criminal prosecution in his pending State Court Appeal. If the plaintiff obtains a favorable ruling in his pending State Court Appeal, the § 1983 claims he asserts here against the KDPA defendants may very well become moot. Third and finally, the Commonwealth of Kentucky has a legitimate state interest in controlling the disposition of appeals of state court criminal convictions.

The plaintiff's criminal appeal is still be pending in Kentucky Court of Appeals. Therefore, the *Younger* abstention doctrine bars his claims in this § 1983 action. His claims will be dismissed without prejudice.

## 2. Claims Against Public Defender

Although the claims against the KDPA defendants are being dismissed without prejudice, the plaintiff should take note of one fact. To prevail on a §1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999) (quoting *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989)).

The law is settled that public defenders are not state actors against whom claims can be asserted under §1983. *See Polk v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). The plaintiff is so advised.

## 3. Construed Habeas Claims Premature

To the extent that the plaintiff's § 1983 complaint could be broadly construed as a challenge to his state court conviction under 28 U.S.C. § 2254, it is premature. In order to assert such a challenge, the plaintiff would be required to fully exhaust such claims through the state court system. One may not seek federal habeas corpus relief until he has exhausted his state

judicial remedies. *Morris v. Wing*, 421 F.2d 651 (6th Cir. 1970). A federal court will ordinarily not review an issue in a habeas corpus petition unless the petitioner has first exhausted the claim before the state court, as the state court should normally have an opportunity to pass on the constitutional claim prior to federal habeas review. 28 U.S.C. § 2254(b); *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18 (1981).

The state court is the most appropriate forum to resolve factual issues in the first instance. *Eaton v. Angelone*, 139 F.3d 990, 995 (4th Cir.1998) (state fact-finding processes should not be supplanted by repetitive federal proceedings); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425-26 (6th Cir.2003). As a matter of comity, a federal court should not consider a constitutional claim as long as a petitioner has an available state forum. *Bowen v. Tennessee*, 698 F.2d 241 (6th Cir. 1983); *Rose v. Lundy*, 455 U.S. 509 (1982). For these reasons, any construed habeas claim under 28 U.S.C. § 2254 would be premature and dismissible.

CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that this action [07-CV-48-KKC] be **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 26th day of July, 2007.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**